IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>SALVI RAFAEL BENITEZ AVILA,<br><br>**Defendant** | **CRIMINAL NO.** 05-381(JAG) |

**OPINION AND ORDER**

GARCIA-GREGORY, D.J.

Pending before the Court is Salvi Rafael Benítez Avila's ("Defendant") Motion to Compel the Government to Elect Between Counts and to Dismiss the Remaining Counts for Multiplicity and Motion to Strike Surplusage. (Docket Nos. 99, 101). The motions were referred to Magistrate Judge for Report and Recommendation on January 23, 2007. (Docket No. 126). The Report and Recommendation was issued on January 31, 2007 (Docket No. 128) and Defendant filed objections thereto on February 22, 2007 (Docket No. 129). Upon de novo review of the Magistrate Judge's Report and Recommendation and for the reasons set forth below, the Court **DENIES** both Motions.

**FACTUAL AND PROCEDURAL BACKGROUND**

Defendant stands charged in an eight-count Superseding Indictment for, succinctly, carrying out offenses related to the assault or offer of violence to a foreign official (the General Consul of Costa Rica in Puerto Rico), with the use of a deadly

Criminal No. 05-381(JAG)                                                    2

weapon and delaying, obstructing and affecting commerce by taking property and monies of a business or industry engaged in intestate commerce. The three conspiracies and five substantive offenses charged in the Superseding Indictment entail violations as follows: Count One, 18 U.S.C. §§ 112(a) and 371 (conspiracy to assault or offer violence to foreign officials); Count Two, 18 U.S.C. §§ 2 and 112(a)(aiding and abetting assault or offer violence to a foreign official); Count Three; 18 U.S.C. § 924(o)(conspiracy to possess, use or brandish a firearm in furtherance of or during and in relation to a crime of violence); Count Four, 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii)(aiding and abetting to brandish a deadly weapon in furtherance of or during and in relation to a crime of violence); Count Five, 18 U.S.C. § 1951(a)(conspiracy to obstruct, delay and affect commerce); Count Six, 18 U.S.C. §§ 1951 and 2(aiding and abetting to obstruct, delay and affect commerce); Count Seven, 18 U.S.C. § 924(c)(1)(A)(ii)(brandishing a deadly weapon in relation to a crime of violence; Count Eight, 18 U.S.C. §§ 922(g)(1) and 924(a)(2)(being a convicted felon, possessed a firearm).

On August 17, 2006, Defendant filed a Motion to Compel the Government to Elect Between Counts and to Dismiss the Remaining Counts for Multiplicity.  Defendant avers that the Government should elect between Counts One, Three and Five of the Superseding Indictment and dismiss the remaining counts charging conspiracies for multiplicity. According to Defendant, the Superseding

Criminal No. 05-381(JAG)                                              3

Indictment is multiplicious because in it, the Government separated the same conspiracy, which relates to one robbery event, into three separate conspiracies, resulting in a double jeopardy violation, which would expose him to being sentenced more than once for the same offense. (Docket No. 99).

The Government's response in opposition contends that the Superseding Indictment is not multiplicious because Count One refers to a conspiracy for the commission of an offense that conveys special protection to a class of persons, in the instant case, the Consul General of Costa Rica in the United States; Count Three presents a conspiracy related to the use of firearms during a crime of violence and Count Five a conspiracy to affect interstate commerce. (Docket No. 112).

Defendant also filed a Motion to Strike Surplusage from the Superseding Indictment. In said motion, Defendant states that the Superseding Indictment makes reference to "an AK-47 assault rifle" and that the government's only witness that can testify about the weapon used in the assault of the Consul General of Costa Rica, is a layperson, who is not overly familiar with the makes and nomenclatures of various weapons.  As such, Defendant submitted that the reference to "an AK 47 assault rifle" without any basis in fact was prejudicial and inflammatory. (Docket No. 101).

The Government's response clarifies that the Superseding Indictment referred to "an AK-47 type assault rifle." In addition,

Criminal No. 05-381(JAG)                                                   4

the Government stated that the agents in charge of the case were able to utilize their own knowledge and expertise to assess the weapon so described. (Docket No. 113).

Defendant's Motion to Compel the Government to Elect Between Counts and to Dismiss the Remaining Counts for Multiplicity and Motion to Strike Surplusage were referred to Magistrate-Judge Camille L. Velez-Rive. Regarding Defendant's multiplicity contention, the Magistrate-Judge concluded that since there are three conspiracy statutes that require different elements of proof, there is no prima facie case for double jeopardy. The Magistrate-Judge also determined that the reference in the Superseding Indictment to "an AK-47 type assault rifle" was neither inflammatory nor prejudicial. Accordingly, the Magistrate-Judge recommended in her Report and Recommendation that both motions be denied. (Docket No. 128). On February 22, 2007, Defendant objected to the Report and Recommendation in its entirety. (Docket No. 129).

## STANDARD OF REVIEW

1) <u>Standard for Reviewing a Magistrate-Judge's Report and Recommendation</u>

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a District Court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. See <u>Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.</u>, 286 F.Supp.2d 144, 146 (D.P.R. 2003). The adversely affected

party may "contest the Magistrate Judge's report and recommendation by filing objections 'within ten days of being served' with a copy of the order." United States of America v. Mercado Pagan, 286 F.Supp.2d 231, 233 (D.P.R. 2003) (quoting 28 U.S.C. §§ 636(b)(1).) If objections are timely filed, the District Judge shall "make a de novo determination of those portions of the report or specified findings or recommendation to which [an] objection is made." Rivera-De-Leon v. Maxon Eng'g Servs., 283 F. Supp. 2d 550, 555 (D.P.R. 2003). The Court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, "the district court can assume that they have agreed to the magistrate's recommendation." Alamo Rodriguez, 286 F.Supp.2d at 146 (quoting Templeman v. Chris Craft Corp., 770 F.2d 245, 247 (1st Cir. 1985).

**DISCUSSION**

In his Objection to the Magistrate Judge's Report and Recommendation, Defendant rehashes the arguments he presented in both of the Motions reviewed by the Magistrate-Judge. First, Defendant insists that there is multiplicity of charges because he is being charged with three conspiracies under three conspiracy statutes even though the case involves one act, one agreement, and one conspiracy. Hence, Defendant avers that the offenses at issue in Counts One, Three and Five relate to one robbery event, which

Criminal No. 05-381(JAG)                                                    6

the government should not have divided into three separate conspiracies. Defendant also contends that the reference in the Superseding Indictment to "an AK-47 type assault rifle" is both inflammatory and prejudicial. This Court disagrees with Defendant's objections.

   1) Multiplicity

   Under the Double Jeopardy Clause of the Fifth Amendment, a defendant is protected from both successive prosecutions and multiple punishments for the same criminal offense. See Sattazahn v. Pennsylvania, 537 U.S. 101, 106 (2003); North Carolina v. Pearce, 395 U.S. 711, 717 (1969). The test to determine whether there are two different offenses or only one is "whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). This is what is known as the Blockburger test. Id. The Blockburger test has been applied to delineate the scope of the Fifth Amendment's Double Jeopardy Clause. Tex. v. Cobb, 532 U.S. 162 (2001). The Blockburger test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution. United States v. Dixon, 509 U.S. 688, 696 (1993).

   It is well settled law that a substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 389

Criminal No. 05-381(JAG)                                                7

(1992). Furthermore, multiple conspiracies can accompany separate object crimes, and form separate statutory offenses, as long as different ends were at stake and each conspiracy required proof of a fact that the other did not. Albernaz v. United States, 450 U.S. 333, 342 (1981); see also United States v. Christensen, 732 F.2d 20, 23 (1st Cir. 1984).

In the instant case, Defendant is charged with three separate conspiracy violations: Count One, 18 U.S.C. §§ 112(a) and 371; Count Three, 18 U.S.C. § 924 (o), and Count Five, 18 U.S.C. § 1951(a)(Hobbs Act). For a violation of the general conspiracy statute under 18 U.S.C. § 371, whether or not it is related to an offense under section 112(a), the prosecution needs to establish beyond a reasonable doubt "the existence of a conspiracy, the defendant's knowledge of it, and his voluntary participation in it." United States v. Morales-Rodriguez, 467 F.3d 1, 8 (1st Cir. 2006). Section 371 requires proof of an overt act in furtherance of the conspiracy, an element that the government need not prove to establish a Hobbs Act conspiracy. United States v. LiCausi, 167 F.3d 36, 46 (1st Cir. 1999); see also United States v. Palmer, 203 F.3d 55, 63-64 (1st Cir. 2000)("Evidence of an overt act is not required to establish a Hobbs Act conspiracy."); United States v. Tormos-Vega, 959 F.2d 1103, 1115 (1st Cir. 1992).  Insofar as a conspiracy charge under section 924(o), to sustain a conviction for conspiring to carry or use a firearm during the commission of a

Criminal No. 05-381(JAG)                                                     8

crime, the government must establish that the defendant (1) agreed to carry or use a firearm, (2) during and in relation to the commission of a crime of violence, and, further, (3) committed an overt act in furtherance of the conspiracy. See 18 U.S.C. §§ 924(c)(1)(A) and 924(o). However, the Superseding Indictment in this case does not charge an overt act for Count Three.

Each of the statutes that the Defendant is charged with constitute differing conspiracies with distinct objectives. Count One seeks to convey special protection to a class of persons, diplomats. Count Three creates a violation when firearms are used to carry out a crime of violence. Count Five addresses a violation when interstate commerce is affected. Each statute has elements that the others do not have.

The three conspiracy statutes used to support Counts One, Three and Five also require different elements of proof. Count One requires proof of an overt act in furtherance of the conspiracy, an element that the Government need not prove to establish a conspiracy violation under the Hobbs Act for a section 1951 violation. Moreover, the Superseding Indictment in this case does not charge an overt act for Count Three. Thus, the three conspiracy charges form separate statutory offenses because they contain differing objectives and require different elements of proof. Consequently, Defendant has not made a prima facie case for double jeopardy. Accordingly, the Magistrate-Judge's recommendation on

Criminal No. 05-381(JAG)  9

this issue is adopted.

    2) <u>Surplusage</u>

Under Federal Rule of Criminal Procedure 7(d), a defendant may move to strike surplusage from the indictment. This serves to protect the defendant "against immaterial or irrelevant allegations in an indictment, . . . which may . . . be prejudicial." Fed. R. Crim. P. 7(d), advisory committee note; <u>United States v. Fahey</u>, 769 F.2d 829, 841-42 (1st Cir. 1985). Inclusion of a particular wording on indictment requires reversal only if it is improper and misleads the defendant. <u>See</u> <u>United States v. Sabatino</u>, 943 F.2d 94, 100 (1st Cir. 1991). This decision rests in the sound discretion of the district court. <u>Id.</u> at 842; <u>see also</u> <u>United States v. Lewis</u>, 40 F.3d 1325, 1346 (1st Cir. 1994).

In the present case, the Magistrate-Judge concluded that the reference to "an AK-47 type assault rifle" was neither prejudicial nor inflammatory. In reaching this conclusion, the Magistrate-Judge took into consideration the fact that the Consul General described to law enforcement officers the appearance of the weapon used in the assault and that the agents used their knowledge and expertise to assess the weapon so described. This Court agrees with the Magistrate-Judge. The reference to the "an AK-47 type assault rifle" is neither improper nor does it mislead Defendant.

Criminal No. 05-381(JAG)                                          10

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** the Magistrate-Judge's Report and Recommendation (Docket No. 128) in its entirety and **DENIES** Defendant's Motion to Compel the Government to Elect Between Counts and to Dismiss the Remaining Counts for Multiplicity and Motion to Strike Surplusage. (Docket Nos. 99, 101).

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 9th day of April, 2007.

                                                    S/Jay A. Garcia-Gregory
                                                    JAY A. GARCIA-GREGORY
                                                    United States District Judge